FANG YI HE, Petitioner,

v.

Michael B. MUKASEY, Respondent.*

No. 07–4572–ag.

United States Court of Appeals,
Second Circuit.

Oct. 7, 2008.

Gary J. Yerman, New York, N.Y., for Petitioner.

Charles E. Canter, Office of Immigration Litigation, Civil Division (Barry J. Pettinato, Assistant Director, Office of Immigration Litigation, on the brief) for Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Circuit Judges and Hon. JOHN F. KEENAN, Judge.**

### SUMMARY ORDER

Petitioner Fang Yi He seeks review of a BIA order denying his motion to reopen. We review that denial for abuse of discretion. *See INS v. Abudu,* 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (holding that discretionary denials of motions to reopen are reviewed only for abuse of that discretion); *see also* 8 C.F.R. § 1003.2(a).

■ At the outset, we note that Petitioner argues that he should be permitted

these circumstances because the IJ did make such a finding here.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey has been substituted for Peter Keisler as the respondent in this case. We direct the Clerk of Court to amend the official caption as noted.

** The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

to file a successive asylum application on the basis of changed personal circumstances without having to meet the requirements for motions to reopen. This argument, however, is foreclosed by our recent opinion in *Yuen Jin v. Mukasey,* 538 F.3d 143 (2d Cir.2008).

■ As to his motion to reopen, Petitioner has not shown that the BIA abused its discretion in denying it. In its February 2007 decision, the BIA noted that it, "like the Immigration Judge," it was "not inclined to favorably exercise [its] broad discretion" in Petitioner's case because he "was granted the privilege of voluntary departure, remained in the United States in violation of that order, and accumulated his positive equities [*i.e.,* the children] several years after his alternate order of deportation became final."

Because we conclude that Petitioner has not shown reversible error in the denial of his motion to reopen, we need not consider whether he would be prima facie eligible for asylum and withholding of removal. We have considered all of Petitioner's remaining arguments and found them to be without merit. Accordingly, we DENY the petition for review.